IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-96-BO

| JAMES K. ALEXANDER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | O R D E R |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | ) |  |
| Defendant. | ) |  |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 20 & 22]. A hearing on this matter was held in Elizabeth City, North Carolina on April 25, 2013. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Administrative Law Judge is REVERSED.

## BACKGROUND

Plaintiff protectively filed for disability insurance benefits under Title II of the Social Security Act on August 18, 2006. The plaintiff alleged a disability onset date of August 23, 2002. Plaintiff James Alexander allegedly suffers from a back injury, arthritis, and leg pain. His application for benefits was denied initially and upon reconsideration. Mr. Alexander requested an administrative hearing and on February October 26, 2009 such a hearing was held before an Administrative Law Judge (ALJ). On February 4, 2010 the ALJ found that the claimant was disabled from August 23, 2002 through March 7, 2006, but as of March 8, 2006 was no longer disabled. The plaintiff sought review of the ALJ's decision by the Appeals Council, but that request was denied making the ALJ's decision the final decision of the Commissioner. The

1

plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

The plaintiff, Mr. Alexander, was 55 years old at the time of the administrative hearing before ALJ Joys. Plaintiff was involved in a motor vehicle accident in October, 2000. As a result he developed back pain with symptoms extending into his left leg. [Tr. 323]. Despite many and varied treatments, the plaintiff's back pain persists.

A functional capacity evaluation was conducted on March 7, 2006. That evaluation included the following findings: Mr. Alexander is not capable of sitting for any extended period of time, he cannot do any work while he is bent over, he cannot do any work while he is kneeling, and he can only occasional stand, climb stairs, or engage in repetitive squatting. [Tr. 304-09]. This FCE was corroborated by the claimant's treating physicians. Specifically, Dr. Furimsky found that despite two laminectomies, the insertion of spinal column stimulators, a series of injections, and narcotic therapy Mr. Alexander's pain and condition never improved to an acceptable level. [Tr. 369; 525-50 611-26].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th

2

Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred by concluding at step five by concluding that the plaintiff was capable of performing work other than his past relevant work. At that step, the ALJ must build a "logical bridge" between his conclusion and the evidence presented and must explain her reasons for discounting contrary pieces of evidence. *See Lane-Rauth v. Barnhart*, 437 F.Supp.2d 63, 67 (D.D.C. 2006). The ALJ relied heavily on the March 7, 2006 FCE to arrive at her conclusion that

3

the claimant had experienced significant medical improvement such that he was capable of completing light work with limitations on March 8, 2006. Light work consists of:

> [l]ifting no more than 20 pounds at a time with frequent lifting or carrying or objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also de sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR 404.1567(b). In her opinion, ALJ Joys summarized Mr. Alexander's RFC as follows:

> [T]he claimant [is able] to perform light work that allows for lifting or carrying 20 pounds occasionally, 10 pounds frequently; walking or standing for up to six hours in an eight hour day, but for only 30 minutes at a time; sitting for up to six hours in an eight hour day, but requiring a sit/stand option every hour; occasional pushing or pulling with upper and lower extremities; occasional bending, stooping, crouching, crawling, and stair climbing; no overhead reaching or ladder or scaffold climbing; no work at heights, with hazardous machinery, or operating a motor vehicle; and work at a non-production pace.

ALJ Joys' assertion that the claimant is able to perform light work and, specifically, that the claimant is able to sit for six hours in an eight hour day is clearly inconsistent with the FCE completed on March 7, 2006. Although ALJ apparently relies on the March 7, 2006 FCE to find that the claimant had experienced significant medical improvement as of March 8, 2006, that report clearly states that Mr. Alexander is incapable or sitting for extended periods of time, among other things. Because the ALJ has failed to build a logical bridge between the March 7 FCE and the conclusions contained in her opinion, her finding that the plaintiff had experienced significant medical improvement as of March 8, 2006 is not supported by substantial evidence. As such, this matter is properly remanded for an award of benefits to the claimant.

4

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v, Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits.

SO ORDERED.

This **10** day of August, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE